UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-167-01 |
| v. | : | Magistrate Judge Deborah A. Robinson |
| PERRY P. BIAYEIBO, | : | |
| also known as Peter Diabo, | : | |
| Defendant. | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, herewith files this memorandum in support of its motion for pretrial detention, under 18 U.S.C. § 3142(f)(2)(A), of defendant Perry P. Biayeibo, also known as Peter Diabo, as a serious flight risk.

A. Legal Standard

Where the government seeks pretrial detention on the basis of the defendant being a flight risk, it has the burden of establishing by a preponderance of the evidence that the defendant is likely to flee before trial if released. United States v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996); United States v. Simpkins, 826 F.2d 94, 96 (D.C. Cir. 1987) (*citing* United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), *cert. denied*, 479 U.S. 841 (1986)); United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).  In a pretrial detention hearing conducted under the Bail Reform Act, both the government and the defendant may present evidence by way of proffer, rather than presenting live testimony.  United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); United States v. Karni, 298 F.Supp.2d 129, 131 (D.D.C. 2004).

B. <u>Factors to Consider</u>

In determining whether to grant the government's motion, the Court is to consider four factors "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required[.]"  18 U.S.C. § 3142(g).  These four factors are discussed below.

1. <u>The nature and circumstance of the offense charged</u>

The facts of this matter are summarized in the affidavit in support of the arrest warrant, which warrant brought this defendant before the Court.  As can be seen from the affidavit, the crime charged is an economic fraud crime involving the use of other people's identities.  The charge carries a thirty-year statutory maximum penalty of imprisonment.  Moreover, at the time of defendant's arrest on traffic charges on April 6, 2006, defendant had a counterfeit driver's license in anther person's name and he was driving a vehicle with tags that belonged to another person.  All of these factors support the government's contention that defendant is a serious flight risk.

2. <u>The weight of the evidence against the person</u>

As can be seen from the arrest warrant affidavit, the case against defendant is strong.  The evidence in the case includes incriminating taped statements by defendant, his presence on the scene of the crime as it occurred, and witness testimony.

3. <u>The history and characteristics of the person</u>

The Pretrial Service Agency ("PSA") report prepared in this matter shows several things that support the contention that defendant is a serious flight risk.  First, defendant, who was born in Nigeria, is not a citizen of the United States or lawfully admitted in to the United States for permanent residence. PSA, at pages 1-3. According to U.S. Immigration and Customs Enforcement

("ICE"), defendant's work permit expired on February 22, 2006. PSA, at page 1. Although defendant applied for permanent status in August of 2004, that matter is still pending. *Id.* Furthermore, although defendant said he has a passport, he said he had lost it and thus cannot turn it over to the government. *Id.*, at page 3.

Defendant has an arrest from 2003, with an unknown disposition, in which one of the charges was fleeing to elude the police. *Id.*, at page 2. Moreover, although defendant is married, he does not live with his wife, has no children and he has no other relatives living with him. *Id.* Furthermore, defendant's reference was unable to verify the information he gave to the PSA writer. *Id.*, at pages 2-3. It is also notable that, although defendant gave his address at the time of the arrest in this matter as in Lanham, Maryland, and said he had been living there for five years, *id.*, at page 3, when he was arrested the prior week for traffic offenses, defendant gave a home address in Fort Washington, Maryland. According to the RCIS database for Superior Court cases, defendant was arrested on March 24, 2006, for possession of an open container, at which time he gave the Fort Washington address, and he was arrested on April 27, 2004, for no permit and other traffic offenses, at which time he gave an address in Riverdale, Maryland. Most of the above-discussed arrests for defendant were in the name Peter Diabo. Defendant also told the PSA writer that he was working and had worked at Victory Motors in the District of Columbia for three years, PSA, at page 3, but the government has not been able to find such a business to exist in D.C. Finally, at the time of his arrest on the warrant, defendant told the Secret Service Special Agent who arrested him that maybe he should just go back to his own country.

In the arrest warrant affidavit, there is also information relevant to these questions. *See* Arrest Warrant Affidavit, at page 6. This includes defendant, on April 6, 2006, at the time of his

arrest on traffic offenses, using different names, stating he did not have a valid driver's license, driving a vehicle with tags belonging to a different individual and vehicle, and having a counterfeit driver's license in his possession. *Id.*

The above factors support the assertion that defendant is a serious flight risk. *See, e.g.*, United States v. Friedman, 837 F.2d 48, 49 (2nd Cir. 1988) (relevant factors that support a serious flight risk finding include the use of a number of aliases, unstable residential ties to a community, and efforts to avoid arrest); United States v. Vortis, 785 F.2d at 330 (ability, by way of stolen and fraudulent documents, and discussions about leaving country supported finding of serious flight risk) United States v. Epstein, 155 F.Supp.2d 323 (E.D.Pa. 2001) (reversing magistrate judge's denial of detention; $1 million personal surety bond and electronic monitoring were not sufficient security based upon defendant's alien status and lack of ties to the United States).

    4.  <u>The nature and serousness of the danger to any person or the community that would be posed by the person's release</u>

As discussed above, the crime charged in this matter involves an economic fraud crime involving the use by defendant of other person's identities. This is a crime that would be hard to monitor and prevent should defendant be released.

    C.  <u>Conclusion</u>

For the foregoing reasons, as well as those that will be set forth at the hearing on this motion, the government respectfully submits that there exists no conditions or combination of conditions

which would assure the return of this defendant to all future court appearances.  Accordingly, the government requests that the Court order the pretrial detention of the defendant.

                                Respectfully submitted,

                                KENNETH L. WAINSTEIN
                                UNITED STATES ATTORNEY

                                /s /
                                _____
                                DANIEL P. BUTLER
                                ASSISTANT UNITED STATES ATTORNEY
                                Bar No. 417718
                                555 4th Street, N.W., Room 5231
                                Washington, DC 20530
                                (202) 353-9431
                                Daniel.Butler@USDOJ.Gov